UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>v.<br><br>VANDERLEI RODRIGUES DEARAUJO<br>a/k/a "Neneco",<br>    Defendant | Criminal No. 1:19-cr-10210-NMG |

### DEFENDANT VANDERLEI DEARAUJO'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT FROM RAISING ENTRAPMENT DEFENSE IN OPENING AND ANY ARGUMENT

Defendant, Vanderlei DeAraujo hereby objects to the government's Motion to Preclude the Defendant, from raising an entrapment defense in his opening statement, or through witnesses the government intends to call in its case-in-chief.

### BACKGROUND

Mr. DeAraujo is charged with two counts of Alien in Possession of Firearm and Ammunition, one count of Dealing in Firearms Without a License, and one count of Unlawful Reentry of Deported Alien. The government alleges that Mr. DeAraujo possessed two firearms, selling them to a confidential informant, after being deported from the United States. *See Indictment*. The confidential informant was working on behalf of the government in communications and/or meetings with Mr. DeAraujo, which were surveilled by the Government, with the informant's cooperation.

### ARGUMENT

The defendant requests this Court to deny the government's motion to preclude an introduction of an entrapment defense, including in opening statements, or prior to the defendant testifying. Furthermore, the defendant requests this Court to permit the defendant to question witnesses in the government's case-in-chief, relating to the presentation of an entrapment defense.

The entrapment defense is a judicially-created limitation on governmental activity. United States v. Russell, 411 U.S. 423, 430-35 (1973). The Supreme Court in Sorrells v. United States, 287 U.S. 435 (1932), first recognized the entrapment defense.

The defense is based on "the notion that Congress could not have intended criminal punishment for a defendant who has committed all of the elements of a proscribed offense but was induced to commit them by the Government."  Russell, 411 U.S. at 435.

To raise an entrapment defense, the defendant must present evidence that he or she was: (1) induced to commit the crime by a government agent; and (2) not otherwise predisposed to the crime.  Mathews v. United States, 485 U.S. 58, 62-63 (1988).  The government then bears he burden of establishing beyond a reasonable doubt, that the entrapment defense does not apply.  When the defense presents evidence of entrapment, "the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson v. United States, 503 U.S. 540, 548-49 (1992).

Inducement can be "anything that materially alters the balance of risks and regards bearing on the defendant's decision whether to commit the offense, so as to increase the likelihood that he will engage in the particularly criminal conduct." United States v. Poehlman, 217 F.3d 692, 698 (9th Cir. 2000).  To demonstrate inducement, a defendant must show not only that the government provided the defendant with the opportunity to commit the crime, but also the existence of a "plus" factor that raises concerns of "government overreaching." United States v. Gendron, 18 F.3d 955, 961-62 (1st Cir. 1994). Examples of overreaching include "intimidation, threats, dogged insistence," Young v. Conway, 78 F.3d at 761 (internal quotation marks and citation omitted), and "excessive pressure," United States v. Turner, 501 F.3d 59, 70 (1st Cir. 2007).  Furthermore, the inducement does not have to come directly from a government agent to establish an entrapment defense.  An individual who is hired by the government as an informant, is a government agent for entrapment purposes.  Sherman v. United States, 356 U.S. 369, 373-376 (1958).  Predisposition, generally is a "defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime." United States v. LaRizza, 72 F.3d 775, 778 (9th Cir. 1995).  Furthermore, predisposition must be measured before any initial exposure to governmental suggestion, rather than at the time of the offense.  Id.

The government seeks to preclude the defendant from a presentation of an entrapment defense, including in opening statements, through witnesses in the government's case-in-chief, prior to a sufficient factual basis to satisfy a burden of production, on both prongs of the defense.

First, the defendant argues that a sufficient showing has been made, and can be made. The defendant is seeking the admission of phone records, which will establish persistence in contact from the confidential informant to the defendant. Additionally, the defendant has subpoenaed employment documents, from his employers in recent years, and expects the production of the documents prior to trial.[1] The defendant's employments records will aid to his proffer regarding his lack of predisposition, or inclination, to engage in the illegal activity alleged.

Second, the defendant argues that his ability to obtain further information necessary for this proffer has been stifled. The defendant sought discovery from the from the government, then through filing a discovery motion, specifically regarding the confidential informant in this case, on October 9, 2019, and which denied by Magistrate Judge Cabell on October 17, 2019.[2] An appeal of the Magistrate Judge Cabell's decision was filed by defense counsel, on November 7, 2019.[3] There has been no decision regarding that appeal of the denial of that motion.

The government objected to defense counsel obtaining information regarding the confidential informant – thereby preventing the defense counsel from investigation and preparation necessary for the defense, and the proffer the government contends is necessary prior to trial. Mr. DeAraujo must be permitted to present the defense theory in opening statement, through eliciting testimony during the government's case-in-chief, and later through the presentation of its own evidence.

## **CONCLUSION**

Mr. DeAraujo would be prejudiced by preclusion of introducing an entrapment defense, at opening statements and throughout the trial in this matter. As such the Court should deny the government's motion to preclude presentation of the entrapment defense, at any point during the trial.

---

[1] The defendant also provided the government with some paystubs, and W-2s from his employment, that were in his possession.
[2] *See* Docket Entries: 24, 24, 26, 27, 28, 29.
[3] *See* Docket Entry 36.

Respectfully Submitted
For the Defendant,
VANDERLEI DEARAUJO,

_____
Sara Attarchi, BBO# 697486
Joseph B. Simons, BBO #684030
Simons Law Office
1 International Place, Suite 1400
Boston, MA  02110
(617) 544-9000

Dated:  March 17, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 17, 2020.

_____
Sara Attarchi