United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 19-10210-NMG |
| Vanderlei Rodrigues DeAraujo, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the objection of defendant Vanderlei Rodrigues DeAraujo ("DeAraujo" or "defendant") to the order of Magistrate Judge Donald J. Cabell entered on October 22, 2019.

I. **Background**

In June, 2019, a Grand Jury returned a four-count indictment against defendant Vanderlei Rodrigues DeAraujo ("DeAraujo" or "defendant"). The charges include: 1) two counts of Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5)(A), 2) one count of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) and 3) one count of Unlawful Reentry of Deported Alien, in violation

of 8 U.S.C. § 1326.  There is also a forfeiture allegation against two firearms and associated ammunition.

In November, 2019, a Grand Jury returned a superseding indictment which was identical to the original indictment except that it included additional allegations in Counts 1 and 2 that defendant was knowingly present in the United States illegally while possessing firearms.

The government generally alleges that, between September, 2018, and January, 2019, defendant possessed firearms and dealt in firearms without a license while illegally being in the United States.  The government further contends that it is in possession of video evidence, which has been reviewed by defense counsel, of an alleged firearm sale from defendant to a confidential informant ("CI-1").

In October, 2019, defendant filed a motion to compel the government to produce certain information regarding CI-1, including his/her full name, address, date of birth, criminal record, all agreements with the government, all written statements and all law enforcement related notes.  The government produced some of the requested material but declined to produce information relating to the identity of CI-1.

The motion was referred to Magistrate Judge Cabell who convened a hearing on October 17, 2019.  Following that hearing, Magistrate Judge Cabell entered an order allowing, in part, and denying, in part, defendant's motion:

> With respect to the defendant's request for "law enforcement reports concerning the investigation of Mr. DeAraujo," the motion is allowed to the extent any of the reports reflect statements made by the defendant, bear on the defendant's stated concern of entrapment, or are otherwise material to the preparation of the defense. (It goes without saying that any such reports are discoverable without a request to the extent they may contain Brady or Giglio material.) The defendant's motion is otherwise denied for the reasons discussed in court.

On November 7, 2019, defendant objected to that order pursuant to Fed. R. Crim. P. 59(a), 28 U.S.C. § 636(b)(1)(C) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.  After considerable delay caused mostly by the disruption of the COVID-19 pandemic, this Court conducted a status conference on July 8, 2020, to determine the parties' readiness for trial, at which point defense counsel informed the Court that defendant's objection was unresolved.  The government having not previously responded, filed its opposition to defendant's objection that same day.

## II. Appeal of Magistrate Judge's Order

### A. Legal Standard

If a party timely objects to a non-dispositive ruling of a magistrate judge on a pretrial matter, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The "clearly erroneous" prong requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 2016 WL 554816, at *1 (D. Mass. Feb. 11, 2016) (citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, Phinney, 199 F.3d at 4. Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more
> deferential the level of review (though never more
> deferential than the clear error standard); the more

>     law intensive the question, the less deferential the
>     level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B.   Application**

Defendant contends that the requested documents are "material to the preparation of [the defense]," particularly with respect to entrapment.  Relying heavily on Roviaro v. United States, 353 U.S. 53 (1957), defendant submits that the government's privilege with respect to the identity of CI-1 is outweighed by defendant's need for pertinent information because CI-1 is the only witness to the alleged firearms sale and, therefore, the only individual who can contradict the government's evidence and corroborate defendant's entrapment defense.

The government responds that defendant is not entitled to the identity of CI-1 because the government does not intend to call him/her as a witness and the jury will have the opportunity to view the video footage and corresponding transcripts of the alleged firearms transaction between CI-1 and defendant.

This Court reviews this question of law de novo.  The United States Supreme Court has described the "informer's privilege" as follows:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.  The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.

Roviaro, 353 U.S. at 59.  Although broad, the privilege "is not absolute." United States v. Tzannos, 460 F.3d 128, 139 (1st Cir. 2006).  It must give way if disclosure of the contents of communications or the identity of individuals is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61.

Such a calculus is case-specific and requires consideration of all relevant factors to "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62.  The Court begins with a presumption in favor of confidentiality and the burden is on the defendant to demonstrate that disclosure is "essential for an adequate defense." United States v. Mills, 710 F.3d 5, 14 (1st Cir. 2013).  Factors that weigh in favor of confidentiality include, the availability of alternative adequate means of proving defenses and an informant's stake in confidentiality. Id.  On the other hand, if an informant is the only person other than the defendant with firsthand knowledge of the alleged crime

or the only person able to amplify or contradict testimony, the scales tip toward disclosure. Id.

Considering the above factors, defendant has failed to meet the heavy burden of demonstrating disclosure of the identity of CI-1 is "relevant and helpful to the defense" or "essential to a fair determination of a cause." See Roviaro, 353 U.S. at 60-61. Although CI-1 is the only individual other than defendant who was involved in the alleged firearms sale, the entire encounter was recorded by video and audio. The jury will, therefore, have an opportunity to view and hear the transaction and read a transcript of the dialogue for themselves. Given the video evidence, apparently the government does not intend to call CI-1 as a witness.

Defendant does not explain what additional material information CI-1 would provide that is unavailable from the video or the transcript. He merely asserts that such disclosure will assist him in establishing his entrapment defense or otherwise provide exculpatory information which is insufficient to warrant disclosure. See United States v. Rodriguez-Rivera, 473 F.3d 21, 25-26 and n.1 (1st Cir. 2007).

**ORDER**

For the foregoing reasons, defendant's objection to the order of Magistrate Judge Donald J. Cabell entered on October 22, 2019, (Docket No. 36) is **OVERRULED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2020